Dear Senator Leftwich,
¶ 0 This office has received your request for an official Attorney General Opinion asking, in effect, the following questions:
1. In the absence of action taken pursuant to Section 155.7 ofTitle 19 of the Oklahoma Statutes, how long must a county sheriffkeep and maintain records including, but not limited to, inmaterecords, inmate medical records, personnel records, investigationfiles, finance/audit files, or incident reports, etc., beforedestroying them?
 2. If a sheriff elects to engage in digital record keeping,what documentation may the sheriff destroy following conversionto the digital format, i.e., what, if any, of the original forms(such as fingerprint cards, court orders, notarized documents,etc.) must be kept and maintained after converting the record todigital format?
 I. Introduction
¶ 1 You essentially want to know a county sheriff's obligation to retain official records. You specifically mention one statute. That statute reads:
 A. County officers may have any or all records kept by any county office photographed, microphotographed, photostated, reproduced on film or stored on optical disk. Such film or reproducing material shall be of durable material and the device used to reproduce such records on film or other material shall be such as to accurately reproduce and perpetuate the original records in all details.
 B. The photostatic copy, photograph, microphotograph, photographic film or optical disk of the original records shall be deemed to be an original record for all purposes, and shall be admissible in evidence in all court or administrative agencies. A facsimile, exemplification or certified copy thereof shall, for all purposes recited herein, be deemed to be a transcript, exemplification or certified copy of the original.
 C. Whenever such reproduced records shall be placed in conveniently accessible files and provisions made for preserving, examining and using same, the county officer may certify those facts to the board of county commissioners. All such records shall be archived or disposed of according to the provisions of the Oklahoma State Statutes and any other such restrictions as may be applicable.
19 O.S. 2001, § 155.7[19-155.7] (emphasis added).
¶ 2 In essence, this statute authorizes county officials to convert records to a digital format or other format which offers convenience of storage, so long as the records can be reproduced accurately "in all details." Id. § 155.7(A). It then states those converted records must be kept or disposed of according to State law. How long records must be kept is the basis for your first question.
 II. Records Retention Period
¶ 3 As discussed in more detail below, county officers are not exempt from records management and must use the State Records Management Act as a model to the extent practical. Therefore, a brief summary of the State procedure is in order here.
¶ 4 With exceptions not relevant to your inquiry, State agencies are governed by the Records Management Act, 67 O.S.2001, §§ 201-216[67-201-216], and administered by the Archives and Records Commission, Sections 305-317 of Title 67. These statutes basically state all records made, received by, or coming under the authority or custody of public officials of this State in the course of their public duties shall not be destroyed or otherwise disposed of except as provided by law. Id. § 209. Further, "[e]xcept as otherwise provided by law, no state record shall be destroyed or otherwise disposed of unless it is determined by the Archives and Records Commission[1] that the record has no further administrative, legal, fiscal, research or historical value." Id. § 210 (footnote added). Generally the State Librarian, designated as both the State Archivist and State Records Administrator ("Administrator"), establishes and administers a records management program governing the disposition of State records. Id. § 204. In carrying out her duties, the Administrator establishes standards, procedures, and techniques for records management and prepares schedules setting retention periods for State records which have continuing value and which allow for disposal of records which no longer need to be preserved. Id. § 205(1). She is also charged with establishing programs to select and preserve essential records.Id. § 205(1)(d). In instances where the destruction or other disposition of State records is sought, the Administrator and the Archives and Records Commission are charged with promulgating administrative rules. Id. § 212.
¶ 5 However, the Records Management Act does not directly apply to political subdivisions. This is shown in a variety of ways.See, e.g., 67 O.S. 2001, § 203[67-203] (d) (defining "agency" as "any department, office, commission, board, authority or other unit, however designated, of the state government." (emphasis added)); § 204 (noting that the State Librarian (as State Archivist and State Records Administrator) is charged with establishing and administering a program "which will apply efficient and economical management methods to the creation, utilization, maintenance, retention, preservation and disposal ofstate records" (emphasis added)); § 208 (noting that the Administrator must, if requested, assist "in the establishment of records management programs in the legislative and judicial branches of state government and shall, upon request, provide a program of services similar to those available to the executive branch of state government pursuant to the provisions of this act." (Emphasis added)). Likewise, the Archives and Records Commission's authority is also limited. Disposition of State records must be approved by the Archives and Records Commission which has "sole, entire and exclusive authority of the disposition for all public records and archives of state officers, departments, boards, commissions, agencies and institutions of this state." Id. § 305. However, the Commission's authority "shall not apply to records and archives of political subdivisions of the state." Id. A differentiation between State records and local records[2] is also set forth in the Records Management Act.
¶ 6 Statutes governing the disposition of documents at the county level which created county archives and records commissions, 19 O.S. 1971, §§ 911-918[19-911-918][3] were repealed in 1972. 1972 Okla. Sess. Laws ch. 209, § 3.[4] However, that is not to say political subdivisions are exempt. The Records Management Act states:
 The governing body of each county, city, town, village, township, district, authority or any public corporation or political entity whether organized and existing under charter or under general law shall
promote the principles of efficient records management for local records. Such governing body shall, as far as practical, follow the program, established for the management of state records. The Administrator shall, insofar as possible, upon the request of a governing body provide advice on the establishment of a local records management program.
67 O.S. 2001, § 207[67-207] (emphasis added).
¶ 7 The word "shall" is ordinarily construed as mandatory.Osprey L.L.C. v. Kelly-Moore Paint Co., 984 P.2d 194, 199
(Okla. 1999). Therefore, political subdivisions are mandated by the Legislature to maintain a records management program, and, "as far as practical," utilize the program established by the Records Management Act, with the assistance of the Administrator.67 O.S. 2001, § 207[67-207].
¶ 8 There are no statutes exempting the county sheriff from this requirement. Therefore, the county sheriff must, to the extent practical, work with the board of commissioners (as the "governing body" of the county, 19 O.S. 2001, § 3) to establish a records management schedule analogous to the State model which deals with all records in his department. Such a schedule would determine the amount of time the records must be kept, and in what form. What constitutes "as far as practical" is a question of fact beyond the scope of an Attorney General Opinion. 74 O.S.2001, § 18b[74-18b] (A)(5). Likewise, the length of time to keep a particular record hinges on the nature of the specific record, which also constitutes a question of fact beyond the scope of an Attorney General Opinion. Id.
 III. Digital Record Keeping
¶ 9 In your second question, you are essentially asking if you transfer your records to a form of imaging, whether you must retain the originals, or whether they can be destroyed.
¶ 10 As pointed out in the introduction, you have noted the existence of 19 O.S. 2001, § 155.7[19-155.7], which allows county officers to photograph, microphotograph, photostat, reproduce on film or store records on optical disk, provided it is copied onto "durable material" and provided the device used to reproduce the copied records is such "as to accurately reproduce and perpetuate the original records in all details." Id. § 155.7(A). The statute also provides that the copied record "shall be deemed to be an original record for all purposes, and shall be admissible in evidence in all court or administrative agencies." Id. § 155.7(B). "Whenever such reproduced records shall be placed in conveniently accessible files and provisions made for preserving, examining and using same, the county officer may certify those facts to the board of county commissioners." Id. § 155.7(C).[5]
¶ 11 Most pertinent to your second question is the last sentence of 19 O.S. 2001, § 155.7[19-155.7] (C), which provides that "[a]ll such records shall be archived or disposed of accordingto the provisions of the Oklahoma State Statutes and any othersuch restrictions as may be applicable." (Emphasis added). As discussed above in your first question, county officers shall, to the extent practical, follow the Records Management Act. 67 O.S.2001, § 207[67-207]. See also id. § 301 (allowing a state, county or municipal official to duplicate records "in a manner acceptable to the State Archives and Records Commission").
¶ 12 Therefore, the answer to your second question is as follows: if a county sheriff elects to engage in digital record keeping he may do so, and those images shall have the same force and effect as the original documents, so long as the images "accurately reproduce and perpetuate the original records in all details." 19 O.S. 2001, § 155.7[19-155.7](A), (B). Therefore, there is noper se prohibition against destroying the original documents, subject to some limitations. The requirements of Section 155.7 must be met; the records must be given to the State Library upon request (see § 155.6) and such destruction must be done in accordance with established records management procedures set forth by the sheriff, in cooperation with the county commissioners.[6]
 ¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. There is no specific statutory requirement dealing with thelength of time a county sheriff must keep official records. Thesheriff must, as far as practical, work with the board of countycommissioners to establish a records management schedule,analogous to the state model, which deals with all records in thedepartment. 67 O.S. 2001, § 207[67-207] . Such a schedule woulddetermine the amount of time the records must be kept, and inwhat form. What constitutes "as far as practical" is a questionof fact beyond the scope of an Attorney General Opinion. 74O.S. 2001, § 18b(A)(5). Likewise, the length of time to keep aparticular record hinges on the nature of the specific record,which also constitutes a question of fact beyond the scope of anAttorney General Opinion. Id.
 2. If a county sheriff elects to engage in digital recordkeeping, such images shall have the same force and effect as theoriginal documents so long as the images "accurately reproduceand perpetuate the original records in all details." 19 O.S.2001, § 155.7[19-155.7] (A), (B). There is no per se prohibition againstdestroying the original documents so long as the requirements ofSection 155.7 are met; the records are given to the State Libraryupon request, 19 O.S. 2001, § 155.6[19-155.6] ; and such destruction isdone in accordance with established records management proceduresset forth by the sheriff, in cooperation with the countycommissioners. 67 O.S. 2001, § 207[67-207].
W.A. DREW EDMONDSON Attorney General of Oklahoma
DAN CONNALLY Assistant Attorney General
[1] The Archives and Records Commission is composed of one member appointed by the Governor as Chair, the State Librarian as Vice Chairman and Secretary (who is also designated the Administrator in the Records Management Act), and includes the Lieutenant Governor, the State Auditor and Inspector and the State Treasurer (or their designees) as members. Id. § 305 (statute creating the Archives and Records Commission).
[2] A "local record" is defined under the Act as "a record of a county, city, town, village, township, district, authority or any public corporation or political entity whether organized and existing under charter or under general law unless the record is designated or treated as a state record under state law." 67O.S. 2001, § 203[67-203] (c).
"Record" is defined in the Records Management Act as a:
 [D]ocument, book, paper, photograph, microfilm, computer tape, disk, record, sound recording, film recording, video record or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business[,] the expenditure of public funds, or the administration of public property. Library and museum material made or acquired and preserved solely for reference or exhibition purposes and stocks of publications are not included within the definition of records as used in this act.
Id. § 203(a).
[3] A county archives and records commission was composed of the county (district) attorney as chair, chair of the board of county commissioners, county clerk, county treasurer and court clerk. 19 O.S. 1971, § 911[19-911]. These statutes gave the county archives and records commission authority for the disposition of all public records and archives of county government. Id. Once a county official determined that a record was no longer of any value or could be microfilmed, permission for disposition of the record had to be given by the commission, (id. § 912) and a record made of the disposition of the records. Id. § 914. Prohibited from destruction were court records, deeds, real property mortgage records, mineral/oil and gas deeds and grants and other records pertaining to real estate; however, these records could be microfilmed. Id. § 913.
[4] There are statutes still in place for certain county offices. See 19 O.S. 2001, § 155.1[19-155.1] (destruction and microfilming of certain records in county assessor's office); §§ 155.2, 155.2A (allowing for destruction of certain old records in county clerk's office); § 155.3 (allowing for the destruction of intangible tax records by county treasurer); §§ 155.4, 155.5 (providing for destruction or microfilming of certain types of records by county treasurer after a certain period of time). However, all of these records may be given to the State Librarian upon her request. Id. § 155.6. There are no such special statutes governing disposition of records by the county sheriff.
[5] Because you did not ask, we need not determine who is responsible for the cost of such reproduction. But see 67 O.S.2001, § 91[67-91] (providing for the adoption by resolution of the county commissioners of a "system of photographic recording for any or all offices of the respective counties where instruments are filed which are required to be recorded in books to be kept for that purpose," and allowing the commissioners to purchase such equipment "as may be necessary and proper" to do the work. The statute also allows commissioners to contract for the conversion of records instead of purchasing equipment.).
[6] The holdings in this Opinion apply to sheriff's records which are of an administrative nature. This Opinion does not apply to records which may be evidence in or associated with a criminal case. Before destroying records which may be evidence in or associated with a criminal case, the sheriff should consult with the district attorney or assistant district attorney in his county.